UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OSCAR DANTZLER

Plaintiff

Versus

CIVIL ACTION

NUMBER: 17-2113

SECTION: SECT. R MAG 3

Triumph Housing Management, LLC, [redacted] Tangi Village, lp d/b/a Tangi Village Apartment Complex, [redacted] Mike McLeod, individually and in his capacity as the region Owner of Triumph Housing Management, LLC, [redacted] Tangi Village Apartment Complex, [redacted] Leo Tate, individually and in his capacity as the Maintenance Employee, [redacted] Ruth Haynes, individually and in her capacity as the Manager Employee, [redacted] Jennifer Scott, individually and in her capacity as the Region Manager Employee for the Eastern District, [redacted] Lavern Smith, individually and in her capacity as the Region Property Accountant Employee, Paul Ponte, individually and in his capacity as the President / CEO, of Triumph Housing Management, LLC, [redacted]: [redacted], [redacted], [redacted], [redacted], [redacted] [redacted]

Defendants

## COMPLAINT

## JURSIDICTION AND VENUE

I.

Fourteenth Amendment to The United States Constitution and it extends the provisions of the Fifth Amendment's due process clause and makes them applicable to the states.

II.

Jurisdiction is also founded pursuant to 28 U.S.C. Section 1331 and 1343, federal question, and 28 U.S.C. Section 1367 affording supplemental jurisdiction

over plaintiff's state law claims. Plaintiff seeks a declaratory judgment pursuant to the provisions of 28 U.S.C. 2201 and 2202. Venue is proper pursuant to 28 U.S.C. $ 1391(b) The plaintiff resides in Tangipahoa , Parish, Eastern District of Louisiana. Most of the transactions and events relevant to the plaintiff's complaint occurred in and about the City of Hammond, Tangipahoa, Parish, Eastern District of Louisiana.

III.

The plaintiff, Oscar Dantzler, presents with respect that the named defendant (s) are justly and truly indebted unto him for damages in amount to be determine by the trier of the facts for liability for conspiracy to violate his civil rights under color of law, intentional infliction of emotional distress, and other tortuous acts as set forth in plaintiff original complaint and/or referred to herein in particularity:

## COMPLAINT

1.

On or about March 15, 2016 Mr. Leo Tate and I spoke and he had advised me that he had spoken to Mrs. Jennifer Scott concerning security needed at the apartment complex, because of the emergency evocation due to rain storm and, because the governor had declared for everyone to move out the apartment complex because of the flood disaster.

2.

Plaintiff advised Mr. Tate that I would provide security for Tangi Village Apartment Complex and we talked about the price per officer and the hour(s) the officer would work at Tangi Village Apartment Complex and he then he advised me to call Mrs. Jennifer Scott to let her know that I would provide security. for that amount of money.

3.

On or about March 15, 2016,Jennifer and I spoke verbally and we agreed upon the price per officer and the hour(s) the officer would work at Tangi Village Apartment Complex and I would be paid.

4.

On or about March 15, 2016 Plaintiff enter into a verbal security agreement with Mrs. Jennifer Scott a region manager employee for Triumph Housing Management, LLC, As Management Agent for: Tangi Village, lp d/b/a Tangi Village

Apartment Complex, to provide security for Tangi Village Apartment Complex.

5.

On or about March 15, 2016 Plaintiff enter into a verbal transportation agreement with Mrs. Jennifer Scott a region manager employee for Triumph Housing Management, LLC, As Management Agent for: Tangi Village, lp, d/b/a Tangi Village Apartment Complex, to provide transportation for Tangi Village Apartment Complex tenants from the apartment to safe surrounding area shelters.

6.

Plaintiff alleges that I transported the tenants out of the apartment complex to the surrounding shelters with my transportation bus and I charged them $500.00 and as today I still had not been paid.

7.

Plaintiff alleges that Since March 15, 2016 up to this date of filing ( March 11, 2017 ) this complaint I had not been paid nothing for my security services nor nothing for my transportation services rendered from tangi Village Apartment Complex.

8.

Plaintiff alleges that I also had enter into a verbal agreement with Mr. Leo Tate, Maintenance personnel employee and he advised me also hat he had spoken with Mrs. Jennifer and she agreed that I , Oscar Dantzler would get paid for using my security services and using my transportation services.

9.

Plaintiff alleges that Mrs. Ruth Hayes is the manager and she has been employee for several years, by the apartment complex and she has personal knowledge that security services has been rendered by me.

10.

Plaintiff alleges that Mrs. Ruth is very much aware that I have not been paid for my transportation services and my security services rendered to the apartment complex.

11.

Plaintiff alleges that Mr. Leo Tate has been employed as the maintenance personnel for several years at this complex and he is very much aware that I have not been paid for my transportation services nor my security services rendered to the apartment complex.

12.

Plaintiff alleges that Mr. Paul Ponte, president / CEO of said apartment complex came down to the complex site and I personally met wit him and we talk and he have seen security servies being rendered personally.

13.

Plaintiff alleges that Mr. Ponte personally advised me that he had heard the manager(s) and other employees about the wonderful job that I was providing for the complex.

14.

Plaintiff alleges that Mrs. Jennifer Scott a region manager employee for Triumph Housing Management, LLC, As Management Agent for: Tangi Village, lp d/b/a Tangi Village Apartment Complex, came down to the complex site and I

personally met wit her and we talk and she have seen security services being rendered personally for Tangi Village Apartment Complex.

15.

Plaintiff alleges that Mr. Mike McLeod, is the region Owner of Triumph Housing Management, LLC, As Management Agent for: Tangi Village, lp d/b/a Tangi Village Apartment Complex, came down to the complex site and I personally met wit him and we talked and he have seen my security serves being rendered personally for Tangi Village Apartment Complex.

16.

Mrs. Lavern Smith, is the Region Property Payroll Accountant Employee for Triumph Housing Management, LLC, As Management Agent for: Tangi Village, lp d/b/a Tangi Village Apartment Complex, who I have spoken with on many occasions concerning me not being paid for my transportation services and my security services rendered to apartment site

17.

Plaintiff has supplied Mrs. Lavern Smith with all necessary paper work such as,, plaintiff security insurance company and work comp. documentations.

Plaintiff has supplied Mrs. Lavern Smith with all necessary paper work such as, plaintiff security services rendered invoices to be paid , but all to know avail.

18.

Plaintiff advises that he has spoken with and to all list parties to try to get plaintiff's money that their company owe plaintiff and they replied that we are working on a payment for you, but all to know avail.

**19.**

Plaintiff's alleges that Triumph Housing Management, LLC, As Management Agent for Tangi Village, lp d/b/a Tangi Village Apartment Complex operates under several federal guidelines such as HUD and other.

20.

Plaintiff's alleges that Triumph Housing Management, LLC, As Management Agent for Tangi Village, lp d/b/a Tangi Village Apartment Complex receives federal housing funding to operate.

21.

Mr. Leo Tate also works as a security officer in the day time and Plaintiff relieves him in the evening time up to this date of filing these procedures.

**22.**

Plaintiff alleges that Mr. Mike McLeod, is the region Owner of Triumph Housing Management, LLC, As Management Agent for: Tangi Village, lp d/b/a Tangi Village Apartment Complex and they have multiple apartment complexes throughout the states so their should not have been any reason for them not to pay plaintiff.

23.

Plaintiff alleges that Tani village apartment complex where I am providing security at had been rain damage two times within a year and they had to hire in a

contractor to remodel and repair the flood damage apartments in March 2016 and August 2016.

24.

Plaintiff alleges that defendants hired on a White Caucasian contractor to remodel the apartments and the contractor got paid both times when he had finished the job.

25.

Plaintiff is a Black African American who provided security services for the defendants and he has not been paid.

26.

Plaintiff is suing for one hundred thousands dollars ($100.000.00 ) plus Attorney Fees, pain and suffering , stress and other would be shown at trial and what so ever this honorable court decide.

27.

Plaintiff's alleges that he has been discriminated against by the defendants.

Plaintiff advises as the identity of other persons and laws are unknown to your plaintiff at this time, plaintiff requests permission from this Honorable Court to amend said pleadings when he obtains knowledge of same.

28.

Plaintiff reserves his right to amend this petition within the time limits prescribed by law and thereafter for good cause shown and / or to correct any error, misstatements, omissions, or vague allegations which may be contained herein:

29.

Plaintiff advises as the identity of other persons and laws are unknown to your plaintiff at this time, plaintiff requests permission from this Honorable Court to amend said pleadings when he obtains knowledge of same.

30.

Plaintiff shows that he desires and requires that the defendants answer or otherwise respond to this suit within the proper time limits prescribe in the F. R. C. Pr. .

31.

Plaintiff advise this court that the defendants,( no one), in fact made any effort to make a payment to plaintiff for his security services that he has provided for defendants whatsoever to bring the unlawful activity to halt, in fact the owner have helped- encourage in an on going conspiracy way and abetted in their wrongful actions by not paying plaintiff.

32.

Defendants can only act through the respondents superior theory of their employees.

33.

Plaintiff demands trial by jury on this matter.

## LAW AND ARGUMENTS

With regards to such notice and opportunity to be heard to which plaintiff, Oscar Dantzler, et al is entitle by both the Federal Constitution and the Constitution of the State of Louisiana as well as the laws, statutes, and Rules of the courts of State

which provides and guarantee due process, equal protection and access to the courts it is noted herein and set forth herein

Plaintiff alleges that the action of defendants deprived plaintiff of his clearly established right to due process and equal protection of the laws, guarantee to him pursuant to the Fourteenth Amendment to the U. S. Constitution and to petition the government for redress of grievances under the First Amendment to the U. S. Constitution and Louisiana Constitution Article I., Section 2. All which defendants interfered with.

Plaintiff alleges at all times pertinent hereto, plaintiff enjoyed a clearly established right to life, liberty, property, and to confront his accusers, and the pursuit of happiness under the Fourteenth Amendments to the U. S. Constitution and a freedom of association under the First Amendment to the U. S. Constitution, all of which defendants impaired and interfered with.

Plaintiff alleges that at all times pertinent hereto, defendants were person (s) acting under color of the law within the meaning and intent of 42 U.S.C. $ 1983.

**Plaintiff alleges conspiracy to continue to overlook his earn dollars that has been due**

**to defendant intentionally which was motivated, because of my race, black that cause a deprivation of equal protection of the laws that caused injury to plaintiff within the meaning and intent under the provision of 42 U.S.C.1985. The actions of defendants served to impair and interfere with plaintiff's clearly established rights in violation of 42 U.S.C. $ 1983 and 42 U.S.C. 1985(3).**

**WHEREFORE the plaintiff, prays that this complaint be served on defendants and plaintiff further prays that plaintiff's demands be granted.**

**Respectfully submitted:**

Oscar Dantzler, Pro Se

OSCAR DANTZLER, PRO SE
1203 APPLE STREET
P.O. BOX 1786
HAMMOND, LOUISIANA,70403
985-215-1508
Oscardantzler@yahoo.com

# VERICATION

STATE OF LOUISIANA

PARISH OF Tangipahoa

BEFORE ME, Notary public, personally came and appeared

OSCAR DANTZLER

A resident of the full age of majority of Tangipahoa Parish, Louisiana, who upon being duly sworn did depose and state that he is the plaint in the above foregoing complaint, that he has read the same, and all facts and allegations contained therein are true and correct to the best of his knowledge, information, belief.

[signature]

Affiant

SWORN TO AND SUBSCRIBED before me, Notary Public, this 10th day of MARCH, 2017.

Thomas J Hogan Jr

Notary Public

THOMAS J HOGAN JR
NOTARY PUBLIC
BAR ROLL NO. 06908
NOTARY ID NO. 10265
MY COMMISSION IS FOR LIFE